UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:19-cv-0639-MCE-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that in April 2017 he requested that the Institutional Classification Committee (ICC) rescind his special needs yard designation so he could remain housed at California State Prison, Sacramento. ECF No. 1 at 4. In considering plaintiff's request, defendant Warden Baughman allegedly stated, "I thought you didn't like the way we treat

2

inmates here," in reference to administrative appeals plaintiff had filed. *Id.* at 8. Baughman allegedly agreed to release plaintiff to the A yard general population, but admonished plaintiff to "stop filing 602s" and said that if he sees plaintiff on the yard in six months, he expects "to not remember him." *Id.* In the following months, plaintiff filed two staff complaints and two civil rights lawsuits. *Id.* at 9.

A month or so later, plaintiff again convened with the ICC because of a conflict with his cellmate. *Id.* at 10-11. Defendant Baughman issued a tentative decision to keep plaintiff housed in the A facility. *Id.* at 11. However, on May 16, 2018, the ICC reconvened and in Baughman's absence, defendant Peterson decided that plaintiff should be transferred to the special needs yard at Salinas Valley State Prison. *Id.* When plaintiff questioned Peterson's reasoning for the transfer, Peterson replied that plaintiff "had been trouble." *Id.* at 12. Plaintiff asked defendant supervising correctional counselor Percy to intervene, but she would not override Peterson's decision. *Id.* at 13-14.

Ultimately, Peterson did not transfer plaintiff to Salinas Valley State Prison, but to the California Correctional Institution (CCI) instead. *Id.* at 14, 17. According to plaintiff, CCI is "the most violent correctional facility for male SNY inmates . . . ." *Id.* at 14. Before the transfer occurred, plaintiff again sought intervention from Percy, stating that he is gay, and that CCI inmates are known for attacking such inmates. *Id.* at 15. Percy simply advised plaintiff that if he had problems he could "always lock it up," in an apparent reference to administrative segregation. *Id.* On November 6, 2018, plaintiff was attacked by three inmates at CCI.

Plaintiff alleges that each of the defendants has violated his First Amendment right to be free from retaliation and failed to protect him in violation of the Eighth Amendment. *Id.* at 16, 18, 19. As discussed below, plaintiff's claims cannot survive screening.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005). As for defendant

3

Baughman, there is no allegation showing that he took any adverse action against plaintiff. To the contrary, the allegations show that defendant Baughman decided to keep plaintiff housed in the general population at California State Prison, Sacramento, exactly where plaintiff wanted to be. As for defendants Peterson and Percy, there are no allegations showing that their decisions were motved by, i.e., "because of," plaintiff's protected conduct. Peterson's statement that plaintiff had "been trouble" may very likely have been a reference to the conflict plaintiff had with his cellmate. It is not clear from the allegations whether Percy was even aware of plaintiff's administrative appeals or lawsuits. Thus, plaintiff's allegation that he was transferred to CCI because of his protected conduct is entirely speculative.

Plaintiff's allegations also fail to state an Eighth Amendment claim. Under the Eighth Amendment "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). To show a violation, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *See id.* at 844, 847 ("A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' . . . ."). Plaintiff's broad concerns about anti-gay inmates and unspecified enemies throughout the State's entire special needs yard system is not enough to demonstrate that his transfer to CCI posed an "identifiable serious risk" of harm. *See Davis v. Scott*, 94 F.3d 444, 446-47 (9th Cir. 1996) ("vague and unsubstantiated" allegation that "friends of [plaintiff's] departed enemies remained [in general population] and might try to harm him if he were released" from protective custody established "no solid evidence . . . of an identifiable serious risk to [his] safety" under *Farmer*); *Dixon v. Lavin*, 234 F. App'x 814, 815 (9th Cir. 2007) (plaintiff's allegation that "he would be at risk when returned to a general population yard if other inmates learned he had been on a Special Needs Yard [was] too speculative to support a claim that defendants were deliberately indifferent to his safety when they recommended he be placed on the SNY."). Moreover, "a prisoner does not have a constitutional right to be housed at a particular institution, [or] to receive a particular security classification." *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997) (citations omitted). For these reasons, the complaint fails to state a claim for violation of the Eighth Amendment.

4

## Leave to Amend

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

/////

/////

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days.
4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: December 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE