UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:19-cv-0639-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously dismissed his complaint with leave to amend for failure to state a cognizable claim. ECF No. 11. Plaintiff has filed an amended complaint, which is before the court for screening under 28 U.S.C. § 1915A. ECF No. 16.

**I.   Screening**

**A.   Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**B. Analysis**

Plaintiff claims that defendants Baughman, Peterson, and Percy – prison staff at California State Prison, Sacramento ("CSP-Sac") – retaliated against him in violation of the First Amendment by transferring him because he filed inmate grievances and lawsuits against prison staff. He also claims that the same defendants, in transferring him to California Correctional Institution in Tehachapi ("Tehachapi"), were deliberately indifferent to the risk of harm that gang-affiliated inmates at that prison posed to plaintiff.

To state a claim for retaliation in violation of the First Amendment, a plaintiff must state facts showing that: (1) that a state actor took some adverse action against him (2) because of (3)

2

his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not allege that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). In addition, a threat can constitute "adverse action" (whether it is carried out or not), because a threat alone can have a chilling effect on protected conduct. *Id.* at 1270.

Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a failure-to-protect claim against an official, an inmate must allege: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the official was deliberately indifferent to his safety. *Id.* "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges that defendant Baughman chaired an April 2017 Institutional Classification Committee ("ICC") meeting concerning plaintiff's housing. At that meeting, Baughman threatened plaintiff with an adverse transfer if plaintiff filed any more grievances or lawsuits. He then released plaintiff to the general population in accordance with plaintiff's wishes. Plaintiff later filed two unrelated grievances against prison staff. At a May 2018 ICC meeting, Baughman allegedly asked plaintiff if he had stopped filing grievances and lawsuits and said, "If not, you won't be here long." Baughman ordered a staff member to find a cell for plaintiff and set plaintiff's case to be reconsidered in seven days.

The next ICC hearing, on May 16, 2018, was chaired by defendant Peterson. Peterson told plaintiff that he had an enemy concern at CSP-Sac and therefore would be transferred to Salinas Valley State Prison ("SVSP"). Plaintiff responded that, as of three or four days earlier he

3

had had no enemy concerns at CSP-Sac and asked if he was being transferred because of his grievances and lawsuits. Peterson allegedly responded, "Of course you are. The warden already warned you about your 602s and lawsuits." Plaintiff told Peterson that he had been threatened by members of a prison gang known as the Gay Boy Gangsters and that several members of that gang resided at SVSP. Peterson allegedly replied, "Well, I bet you don't file another of your goddamn 602s now will you?"

A few days after the May 16th hearing, defendant Percy came to plaintiff's cell to tell him that an enemy concern had been discovered regarding plaintiff at SVSP and that, as a result, plaintiff would be sent to Tehachapi instead. Plaintiff told Percy that several Gay Boy Gangsters members resided at Tehachapi and posed "a direct physical threat" to him. He also told her that Tehachapi housed members of the Brothers By Choice gang, who were known to target members of the LGBTQ+ community, such as plaintiff. Percy allegedly responded that she "didn't give a shit" what happened to plaintiff and that he had been warned to stop filing grievances and lawsuits.

Plaintiff was transferred to Tehachapi and was assaulted by another inmate there within three months of the transfer. The complaint contains no allegations regarding the identity or gang affiliations of the inmate who assaulted plaintiff.

For the limited purposes of § 1915A screening, plaintiff has stated potentially cognizable retaliation claims against all defendants.

Plaintiff has not stated facts supporting a cognizable Eighth Amendment claim for failure to protect. As with the original complaint, the amended complaint states only broad concerns about unspecified prison gang members. These concerns are too speculative to present an identifiable risk of serious harm. *See Davis v. Scott*, 94 F.3d 444, 446-47 (9th Cir. 1996) ("vague and unsubstantiated" allegation that friends of plaintiff's dead enemies remained in the general population and might try to harm plaintiff there did not show an identifiable risk of serious harm); *Dixon v. Lavin*, 234 F. App'x 814, 815 (9th Cir. 2007). Accordingly, plaintiff's Eighth Amendment claim against all defendants must be dismissed.

/////

The court will provide plaintiff one last opportunity to amend the complaint to attempt to state a viable Eight Amendment claim against defendants. Plaintiff is not obligated to amend his complaint, though; he may elect instead to proceed on his first amended complaint with his retaliation claim against defendants.

If plaintiff elects to file a second amended complaint, that pleading must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**II. Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint states, for screening purposes, potentially cognizable retaliation claims against all defendants.

/////

/////

5

2. Plaintiff's Eighth Amendment claims against all defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a second amended complaint. If the former option is selected and returned, the court will enter an order directing service on defendants at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 23, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:19-cv-0639-MCE-EFB P<br><br>NOTICE OF INTENT TO PROCEED OR AMEND |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with his retaliation claims against defendants Baughman, Peterson, and Percy;

OR

(2) _____ delay serving any defendant and file a second amended complaint.

_____

Plaintiff

Dated:

7