UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY, | Case No. 2:19-cv-00639-MCE-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | |
| DAVID BAUGHMAN, *et al.*, | ECF No. 42 |
| Defendants. | |

Plaintiff has filed a motion asking the court either to order that defendants provide copies of documents or, in the alternative, to reopen discovery for sixty days. ECF No. 42. Plaintiff's motion will be denied.

On September 1, 2021, the court issued a scheduling order requiring that all discovery, including the filing of any motions to compel discovery, be completed by February 26, 2021. Prior to that, plaintiff had filed two motions to compel defendants to provide further responses to certain interrogatories and requests for production. ECF Nos. 33 & 37. Before the court resolved those motions, defendants filed a motion for summary judgment. ECF No. 39. Plaintiff's motions to compel were still pending, and he promptly moved for a ninety-day extension of time to respond to defendants' motion. ECF No. 40.

On August 25, 2021, the court granted the requested extension of time and denied without prejudice plaintiff's motions to compel. ECF No. 41. With respect to the motions to compel, the

1  court explained that it was unable to evaluate the sufficiency of defendants' responses because the
2  motions neither adequately described nor included copies of the contested discovery items. *Id.* at
3  1-2. To afford plaintiff an opportunity to remedy that deficiency, the court extended the
4  discovery deadline to September 17, 2021. *Id.* at 2. It also warned plaintiff that any motion to
5  compel discovery had to be filed by that date. *Id.*

6  Plaintiff did not renew his motions to compel. Instead, on September 27, 2021, he filed
7  the instant motion, which asks the court to either: (1) order defendants to provide him with copies
8  of unspecified documents needed to file renewed motions to compel, or (2) reopen discovery for
9  sixty days so that he can re-serve his discovery requests. ECF No. 42. Plaintiff appears to argue
10  that he needs additional time to file renewed motions to compel because he misplaced his copies
11  of his discovery requests and defendants' responses. *Id.* He also seems to suggest that he could
12  not have filed the instant motion before the September 17 deadline because his housing unit was
13  placed on lockdown on September 13, 2021.[1] *Id.* at 3.

14  A court's scheduling order "may be modified only for good cause and with the judge's
15  consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party
16  seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir.
17  1992). Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite
18  the diligence of the party seeking the extension." *Id.*

19  This case has been pending since April 2019. ECF No. 1. As described above, I extended
20  the initial discovery cut-off from February 26, 2021 to September 17, 2021 to accommodate
21  plaintiff's inadequately supported motions to compel. ECF No. 41. Now he requests that I order
22  defendants to provide him with copies of the documents that he has lost or, in the alternative, that
23  I re-open discovery and allow him to re-serve discovery. Plaintiff's requested relief cannot be
24  granted. When, as here, a motion for summary judgment is pending, a party requesting additional
25  discovery must offer facts sufficient to show that the evidence sought would preclude summary

---

[1] There is some ambiguity as to when plaintiff submitted his motion. Although he motion is dated September 5, 2021, the motion states that plaintiff's housing unit was placed on a lockdown on September 13, 2021.

judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Plaintiff has failed to make that showing insofar as he states only that defendants are in possession of "particular pieces of documentary evidence . . . essential to [plaintiff's] prosecution of his action . . . ." ECF No. 42 at 1. Plaintiff has failed to describe either the nature of the allegedly available evidence or how it would assist him in opposing the pending motion for summary judgment. Moreover, his requested relief is untenable. It is not defendant's responsibility to maintain and provide copies of documents that plaintiff has misplaced. Neither, at this late stage in the case, is it appropriate to re-serve discovery and extend the deadline anew. In so deciding, I am not unsympathetic to plaintiff's *pro se* status or the difficulties that he faces as an inmate litigator. But the court must ensure that cases advance.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 42, is denied.

2. Plaintiff is granted until February 1, 2022 to file an opposition to defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   January 11, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3